

☐ ORIGINAL

1  Duenas.mtn

2  LEONARDO M. RAPADAS
   United States Attorney
3  KARON V. JOHNSON
   Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Agana, Guam 96910
   Telephone: (671) 472-7332/7283
6  Telecopier: (671) 472-7334

7  Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM

AUG - 9 2007

JEANNE G. QUINATA
Clerk of Court

8

9        **IN THE UNITED STATES DISTRICT COURT**

10        **FOR THE TERRITORY OF GUAM**

11  UNITED STATES OF AMERICA,              )   CRIMINAL CASE NO.  07-00039
                                           )
12              Plaintiff,                  )
                                           )   GOVERNMENT'S MOTION
13       vs.                                )   CONCERNING DEFENDANT'S
                                           )   MOTION FOR DISCOVERY
14  RAYMOND IGNACIO DUENAS, JR., and        )
    LOURDES CASTRO DUENAS,                  )
15                                          )
              Defendants.                   )
16  _____)

17

18        COMES NOW the United States, by and through undersigned counsel, and hereby moves

19  this Honorable Court to set aside the order entered July 31, 2007, and allow the government to

20  file the attached response to defendants' motion for discovery. The government makes this

21  request for the reasons set forth in the attached Declaration of counsel.

22        Respectfully submitted this  9th day of August, 2007.

23                                         LEONARDO M. RAPADAS
                                           United States Attorney
24                                         Districts of Guam and CNMI

25                              By:  _____
                                           KARON V. JOHNSON
26                                         Assistant U.S. Attorney

27

28                                         -1-

# DECLARATION OF COUNSEL

On July 18, 2007, I prepared two responses to defendants' motions to suppress and motions for discovery. I believed that I had sent both of them to my secretary, Noreen Soriano, to be filed. In fact, it appears that only one, the response to defendants' motion to suppress, was finalized and filed with the court. I did not realize that the other response had not been prepared.

I left Guam to attend an OCDETF/Asset Chiefs conference in Washington, D.C. on July 28, 2007, and did not return to the office until Monday, August 6. In the course of going through the documents in my in-box, I have found the court's order granting the defendants' discovery request because the government failed to file a response. In fact, I prepared and believed I had filed a response. My draft, which I thought I had sent to my secretary, Noreen Soriano, is attached hereto.

The disclosure of informants is a very serious matter. In the past, people have been murdered on Guam because of their cooperation with local and federal authorities. Therefore, I am requesting that the court accept my response to defendants' motion for discovery, and reconsider its order.

Respectfully submitted this __9th__ day of August, 2007.

KARON V. JOHNSON
Assistant U.S. Attorney

-2-

1  Duenas.rsp

2  LEONARDO M. RAPADAS
   United States Attorney
3  KARON V. JOHNSON
   Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Agana, Guam  96910
   Telephone:  (671) 472-7332/7283
6  Telecopier:  (671) 472-7334

7  Attorneys for United States of America

8
                  IN THE UNITED STATES DISTRICT COURT
9
                    FOR THE TERRITORY OF GUAM
10

11 UNITED STATES OF AMERICA,          )  CRIMINAL CASE NO.  07-00039
                                      )
12            Plaintiff,              )
                                      )
                                      )  GOVERNMENT'S RESPONSE TO
13            vs.                     )  DEFENDANTS' MOTIONS FOR
                                      )  DISCOVERY
14 RAYMOND IGNACIO DUENAS, JR., and   )
   LOURDES CASTRO DUENAS,             )
15                                    )
              Defendants.             )
16 _____  )

17

18        Defendants ask for any exculpatory materials, pursuant to Brady v. Maryland, 373 U.S.

19 83 (1963).  The government has no Brady materials at this time.  All its witnesses are police

20 officers and federal agents, none of whom–happily–have criminal records so far.  No audiotapes

21 of telephone calls between the informant and the defendants exist.  No recordings were made of

22 the defendants' interrogations.  The defendants have received the reports of: Officers Frankie

23 Smith, F.R. Santos, J.P.B. Aguon, A.R. Pierce, Gilbert Mondia, Jerry Santos, Chris DeSoto, J.V.

24 DeChavez, B.A.C. Santos, Andrew Jerome, E.G. Picolo, L.S. Ishizake, R.V. Sevilla, as well as

25 photographs, a full list of the items seized from the residence, the ATF reports concerning the

26 guns seized by S/A Charles Sedberry, which includes copies of Raymond Duenas' judgments, the

27 DEA reports prepared by Thanh Churchin and Michelle Jong, the lab reports analyzing the ice

28                                          -1-

1   seized from the residence, and custody receipts and copies of the drug records found in

2   defendants' bedroom.

3       Defendants request the identities of the people who came to the Duenas residence to

4   reclaim their stolen property. This information is in various the Guam Police reports.

5       Defendants are not entitled to any information concerning the identity of the informant

6   who made the controlled buy from Lourdes Duenas on June 17, 2007, because that informant

7   will not be a witness at trial. The various cases cited in support of this motion, such as Sampol,

8   Alvarez-Lopez, Singh v. Prunty, and Strifler, are not on point, because they all concern situations

9   where the informant testified at trial. In such circumstances, any information which might

10  impeach the witness must be disclosed to the defense. Here, the informant simply provided

11  information which led police to obtain a search warrant for defendants' residence. The

12  controlled buy which the informant made will not be evidence in this case. Defendants are

13  charged with possession with intent to distribute, not actual distribution. The government will

14  not present any evidence concerning the controlled buy which precipitated the search warrant.

15      Roviaro v. United States, 353 U.S. 53 (1957) is not on point either. In that case, the

16  informant was an actual participant in the crime for which the defendant was being prosecuted.

17  Indeed, as the Court pointed out, he was "the sole participant, other than the accused, in the

18  transaction charged." Id. at 64. The court acknowledged the general rule, that it is "the

19  Government's privilege to withhold from disclosure the identity of persons who furnish

20  information of violations of law to officers charged with enforcement of that law." Id. at 60.

21  This privilege only gives way when "the disclosure of the informer's identity, or of the contents

22  of his communication, is relevant and helpful to the defense of the accused, or is essential to a

23  fair determination of a cause. ..." Id. In Roviaro, the defendant was charged with distribution of

24  illegal drugs to the informant, but the informant was the only person who actually received them;

25  the various law enforcement officers were in positions where they could hear and see what

26  occurred, but they did not actually witness the exchange.

27

28                                    -2-

1    Defendant has the burden of showing that disclosure of the informant would be relevant

2    and helpful to the defense of this charge, which concerns possess of 81 grams of ice and

3    firearms, along with drug records which reflect extensive drug trafficking.  Rovario applies to

4    key witnesses. United States v. Jaramillo-Suarez, 950 F.2d 1378 (9th Cir. 1991). The informant

5    was not a witness to the crimes charged; hence he will not be called at trial.

6        Defendant's cite to United States v. Morgan, 581 F.2d 933 (D.C. 1979) is not helpful.

7    There, the search warrant for defendant's residence was based upon an informant who had

8    purchased drugs from another resident of the house, "Timmy," who was the landlady's son.

9    Defendant wanted to introduce the fact that this purchase had been made of somebody else, either

10   through actual testimony of the informant, or by introducing the affidavit in support of the search

11   warrant, which quoted the informant as saying the purchase had been from Timmy.  The

12   government opposed the introduction of the affidavit, taking the novel position that the affidavit

13   was not reliable for trial purposes, though it was sufficiently reliable to obtain a search warrant.

14   The court ruled that defendant should have been allowed to introduce the affidavit, or call the

15   informant, to show that others were dealing drugs out of the same residence.

16       In summary, defendant argues that the informant's identity is necessary to establish his

17   credibility and is relevant to impeaching him.  But the informant is not going to be a witness at

18   trial, and the controlled buy which he effected will never be heard by the jury.  Accordingly,

19   defendant is not entitled to know his identity.

20       Respectfully submitted this  18th day of July, 2007.

21                                                    LEONARDO M. RAPADAS
                                                     United States Attorney
22                                                   Districts of Guam and CNMI

23

24                                   By:   _____
                                          KARON V. JOHNSON
25                                        Assistant U.S. Attorney

26

27

28                                        -3-