CABOT
MANTANONA LLP
Edge Building, Second Floor
929 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777



FILED
DISTRICT COURT OF GUAM
JAN 1 8 2008
JEANNE G. QUINATA
Clerk of Court

THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO: CR07-00039 |
| Plaintiff, | ) ) ) | **MOTION IN LIMINE TO EXCLUDE GPD OFFICER TESTIMONY** |
| v. | ) ) | |
| LOURDES CASTRO DUENAS, | ) ) | |
| Defendant. | ) ) | |

## STATEMENT OF FACTS

Co defendants Raymond I. Duenas and Lourdes C. Duenas are each charged with Conspiracy to Distribute Methamphetamine Hydrochloride. Raymond Duenas is further charged with Possession of Methamphetamine Hydrochloride With Intent to Distribute and Using and Carrying a Firearm During a Drug Trafficking Crime. No severance has been granted in this matter and upon information and belief neither defendant will testify at the trial of this matter scheduled for February 6, 2008.

The Prosecution intends to prove its case against Lourdes C. Duenas through GPD officer testimony as to statements made by Raymond I. Duenas implicating Lourdes C. Duenas in the crime charged. Such testimony would be in violation of Federal Rule of Evidence 802 and the Confrontation Clause of the Sixth Amendment of the United States Constitution.

ORIGINAL

## MEMORANDUM OF POINTS AND AUTHORITIES

A. **GPD Officer Testimony Regarding Statements Made by Raymond I Duenas Implicating Lourdes C. Duenas is inadmissible hearsay**

F.R.E. 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." F.R.E. 802 provides that "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Out-of-court statements constitute hearsay when offered to prove the truth of the matter asserted. *Anderson v. United States*, 417 U.S. 211, 219 (1974).

The prosecution's anticipated intent here is to elicit testimony of a GPD officer as to statements made by Raymond I. Duenas that implicate Lourdes C. Duenas for the crime charged. The anticipated testimony is for no other purpose than to prove an agreement between Raymond I Duenas and Lourdes C. Duenas to distribute methamphetamine hydrochloride. Thus, the facts as stated fall squarely within the prohibitive protection of the hearsay rule to which no exception is applicable.

B. **Even if Raymond I. Duenas' Statements Fall Within a Hearsay Exception, the 6TH Amendment Confrontation Clause Precludes Their Admission**

The Confrontation Clause of the Sixth Amendment provides that in criminal cases the accused has the right to "be confronted with witnesses against him." U.S. Const. Amend. VI. A primary interest secured by the Confrontation Clause is the right of cross-examination. *Davis v. Alaska*, 415 U.S. 308 (1974). "The principal evil at which the Confrontation Clause [is] directed [is] the civil-law mode of criminal

procedure, and particularly its use of *ex parte* examinations as evidence against the accused." *Crawford v. Washington*, 541 U.S. 36, 49 (2004)

The Confrontation Clause applies to all "testimonial" statements. *Id.* at 51. "Testimony ... is typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Id.* at 51 (citations and quotation marks omitted); see id. ("An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a causal remark to an acquaintance does not."). Statements taken by police officers in the course of interrogations are also testimonial. *Id.* The Confrontation Clause applies not only to in-court testimony but also to out-of-court statements introduced at trial, regardless of the admissibility of the statements under state laws of evidence. *Id.* at 50-51. While the Confrontation Clause does not necessarily bar the admission of hearsay statements, it may prohibit introducing evidence that otherwise would be admissible under a hearsay exception. *Idaho v. Wright*, 497 U.S. 805, 813 (1990).

Co-defendant Raymond I, Duenas' anticipated exercise of his right to remain silent, would effectively preclude Lourdes C. Duenas' attorney from cross examining Raymond I Duenas on the issue of what he purportedly told GPD officers. Thus, the government should be precluded from introducing such testimony through a GPD police officer.

## CONCLUSION

For all the foregoing reasons, Defendant Lourdes C. Duenas respectfully requests that this Court exclude reference and/or introduction into evidence of any of

the testimony by GPD officers regarding any statements by Co-defendant Raymond I. Duenas to GPD officers that implicate her in the crime charged.

Respectfully submitted this 15th day of January, 2008.

                          **CABOT MANTANONA LLP**
                          *Attorney for **Lourdes C. Duenas***

By: _____
        **JOHN V. R. AGUON**

JVRA:scc
G:\Stacy\active clients\Duenas, Lourdes C\Motion in Limine.doc