CABOT
MANTANONA LLP
Edge Building, Second Floor
929 South Marine Drive Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

**FILED**
DISTRICT COURT OF GUAM

MAR 13 2008

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 07-00039 |
|---|---|
| vs. | ) |
| | ) **MOTION TO WITHDRAW** |
| Plaintiff, | ) |
| LOURDES CASTRO DUENAS, | ) |
| Defendant, | ) |

Counsel for Defendant herein, Rawlen M. T. Mantanona, hereby moves the Court for an Order allowing him to withdraw as court-appointed counsel for the Defendant LOURDES CASTRO DUENAS.

Counsel has very recently received confidential information that leads him to believe that it would be unethical to continue representing Defendant in this litigation. The grounds for this motion include the "present or past representation of another client in a related or unrelated matter." Counsel cannot provide more detailed information because counsel believes that the information is subject to the attorney-client privilege.

This Motion is supported by the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of John V. R. Aguon, the record of the

proceedings and papers on file herein, together with any and all arguments to be adduced at the hearing of the within entitled motion.

Dated this 13th day of March, 2008.

**CABOT MANTANONA LLP**
*Attorney for **Lourdes Castro Duenas***

By: _____
 For **RAWLEN M.T. MANTANONA**

## MEMORANDUM OF POINTS AND AUTHORITIES

Rule 1.8 of the Model Rules of Professional Conduct states:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) <u>there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client</u>, a former client or a third person or by personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

Rule 1.16 of the Model Rules of Professional Conduct states:

a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, <u>shall withdraw from the representation of a client if</u>:

(1) <u>the representation will result in violation of the rules of professional conduct or other law</u>;
(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
(3) the lawyer is discharged

Defense counsel believes that he has a conflict of interest pursuant to Rule 1.8(a)(2) which mandates his withdrawal from representation of the defendant. Defense

counsel has the duty to act in all of his clients' best interests. Counsel has received confidential information that leads him to believe that the interests of these clients may be adverse. The appointment and representation of both clients at this time would cause a conflict of interest under Rule 1.8 and would violate the Model Rules of Professional Conduct under rule 1.16(a) which mandates defense counsel's withdrawal. Defendant's counsel has discussed the issue with the federal public defender who also believes a conflict exists. Should the Court deem it necessary to receive more detailed information, Counsel requests an in camera hearing to protect client confidentiality.

## CONCLUSION

Based on the foregoing, counsel will be unable to proceed as defense counsel in the District Court case against Defendant Duenas because of his representation of another client and respectfully asks the court to withdraw and appoint new counsel for Defendant Duenas.

Respectfully submitted this 13th day of March, 2008.

**CABOT MANTANONA LLP**
*Attorney for **Lourdes Castro Duenas***

By: _____
FOR **RAWLEN M.T. MANTANONA**

RMTM:scc

G:\Stacy\active clients\Duenas, Lourdes C\mtn to withdraw.doc