☐ ORIGINAL

duenas.lourdesopp

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

**FILED**
DISTRICT COURT OF GUAM

MAR 1 4 2008

JEANNE G. QUINATA
Clerk of Court

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00039 |
| Plaintiff, | |
| vs. | UNITED STATES OPPOSITION TO WITHDRAWAL OF COUNSEL REPRESENTING LOURDES DUENAS |
| RAYMOND IGNACIO DUENAS, JR., and LOURDES CASTRO DUENAS, | |
| Defendants. | |

The United States opposes the motion of counsel Rawlen MT Mantanona to withdraw as counsel for Lourdes Castro Duenas. The sole basis for his motion is that he now represents, or has represented in the past, another client in a matter which may or may not be related to the above-entitled case. He alleges the conflict exists because of a confidential communication by one client, apparently concerning Lourdes Duenas. But unless that confidential communication would affect how he represents her, it does not constitute a conflict.

A direct conflict may occur if counsel is representing another person charged in the same matter. Such a conflict would exist if one client possesses information that he could use to implicate the other client, in return for a reduced sentence, United States v. Christakis, 238 F.3d 1164 (9th Cir. 2001), or if the conflict causes counsel to refrain from doing something in favor of one client because it would injure the other, Holloway v. Arkansas, 435 U.S. 475 (1978).

A conflict can be waived by a client if she has been fully informed, and understands all the risks that are likely to develop as a result of dual representation. United States v. Allen, 831

F.2d 1487 (9th Cir. 1987). The client must understand what defenses she is giving up, or which may be impaired, by such representation. Lockhart v. Terhune, 250 F.3d 1223 (9th Cir. 2001).

It appears that Lourdes Duenas wants Mr. Mantanona to continue as her counsel. A hearing should be held to determine precisely what the nature of the conflict is, and whether she is willing to waive it, if it exists. The government would note, the prosecution of the Duenas' criminal activities has been bifurcated: the gun and drug charges have been brought federally, while the possession of thousands of items of stolen property, which were typically exchanged for ice, has been brought by the Guam Attorney General. Dozens of burglars sold stolen goods to the defendants. Counsel may very well find that he is representing one of those burglars, who wants to shave time off his own sentence by informing on defendants. Such information does not create a conflict, because the government would not credit it as cooperation. The government does not need, and would not use, any information provided by any of the defendants' confederates. The case against the defendants will be made by police officers, agents, criminalists, and their own confessions. Thus, whatever information Mr. Mantanona has learned about the Duenas defendants from his other client, should be kept to himself: the government doesn't want to hear it. Because it cannot benefit his other client, no conflict exists which would justify his being removed from this case.

RESPECTFULLY SUBMITTED this __13th__ day of March, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
KARON V. JOHNSON
Assistant United States Attorney