**CABOT MANTANONA LLP**
Edge Building, Second Floor
929 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777



FILED
DISTRICT COURT OF GUAM
MAR 24 2008
JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND IGNACIO DUENAS, JR. and LOURDES CASTRO DUENAS<br><br>Defendant. | CRIMINAL CASE NO. 07-00039<br><br>**MOTION TO RECONSIDER DETENTION AND IN THE ALTERNATIVE FOR JOINT VISITATION WITH CODEFENDANT; MEMORANDUM OF LAW; DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE** |

COMES NOW the defendant, through counsel RAWLEN M. T. MANTANONA, ESQ., and moves this Honorable Court to reconsider releasing her on bail, with specific conditions as outlined below:

1. That Lourdes Castro Duenas be released on $50,000.00 personal recognizance bond, or in the alternative;

2. That Lourdes Castro Duenas be released to qualified third party custodians, Victoria Muna and Evalynn Castro;

3. That Lourdes Castro Duenas be subject to drug testing as and if required by Pretrial Services, and/or any other conditions that this court finds reasonable;

4. That Lourdes Castro Duenas reside with her Daughter and Sister-in-law;

This motion is based upon the documents and records of this case.

Dated this 24th day of March, 2008.

IN THE ALTERNATIVE, defendant requests that she be allowed visitation with her spouse and codefendant RAYMOND IGNACIO DUENAS, JR.

CABOT MANTANONA LLP
*Attorneys for Lourdes Castro Duenas*

For RAWLEN M. T. MANTANONA

## MEMORANDUM OF LAW

A.  PRETRIAL RELEASE

The defendant, Lourdes Castro Duenas, is currently awaiting trial for conspiracy to distribute Methamphetamine Hydrochloride in violation of 21 U.S.C. 841 (a)(1) and 846 between April 20, 2006 and April 20, 2007.

Title 18 U.S.C. §3142, governs the release of persons awaiting trial and requires courts to detain those persons unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under bond or conditions. Ms. Duenas asserts that there is clear and convincing evidence that she is not a flight risk and that she does not pose a danger to the community.

Ms. Duenas has significant family ties to Guam. Her two daughters, mother in law and other family members all reside here on Guam. When released, Ms. Duenas will reside with her daughter and sister-in-law.

Ms. Duenas also asserts she is not a danger to the community. Title 18 U.S.C. §§ 3142 and 3143 do not provide a bright-line answer to what constitutes "danger" to the community and Congress did not declare that the community is entitled to assurances of freedom from all harm and a court cannot detain a defendant on the mere apprehension of danger of harm. Rather, the Court's inquiry must focus on whether by conditions of release the community can <u>reasonably</u> be assured of safety. In this case, the Court can feel secure the community is not at risk should Ms. Duenas be released. Conditions of release can certainly be fashioned that will ensure the protection of the community.

This court has many options other than pretrial incarceration. It can order daily appearances before pretrial services, electronic monitoring or other forms of curfew, full-time employment, third-party custody, drug testing, bail, and/or a property bond. In the instant case, this Court can also order a third party custodian and that Ms. Duenas reside with her third party custodian.

Moreover, there are many sanctions available to the court should Ms. Duenas fail to comply with the terms and conditions of her supervised release. Under 18 U.S.C. § 3146, Ms. Duenas can be given a prison sentence apart from and consecutive to the sentence Ms. Duenas will receive as a result of the underlying offense. To secure a conviction under section 3146(a)(1), the government must simply prove that the defendant has been released on bail pending trial or sentencing, that the defendant was required to appear before a court, and that the defendant knowingly and willfully failed to do so.

In addition, under 18 U.S.C. § 3147, if the defendant commits a crime while on release, she will receive a sentence **consecutive** to the underlying offense. Section 3147 is designed to deter those who would pose a risk to community safety by committing another crime when released and also to punish those who indeed are convicted of another offense.

Hence, this Court has at its disposal two highly effective statutes designed to deter persons from failing to appear and from committing offenses while on release. Ms. Duenas is fully aware of these sanctions, and respectfully submits this Court will not have to use them if Ms. Duenas is released on appropriate conditions.

United States of America v. Lourdes Castro Duenas
Criminal Case No. CR07-00039
MOTION TO RECONSIDER DETENTION OR ALLOW JOINT VISITATION
Page 5 of 8

B. <u>JOINT VISITATION</u>

Defendant's spouse and codefendant RAYMOND IGNACIO DUENAS, JR. is also currently awaiting trial in the same case. Part III of Defendant Lourdes C. Duenas' Order of Detention Pending Hearing requires her confinement to be "...separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal." Defendant asserts that this provision has been construed to deny her the opportunity to have confidential communications with her co-defendant husband and to establish a unified, coordinated defense. In addition, the continued denial of communications has created a strain on their marital relationship.

In *Perkins v. Wagner*, 513 F.Supp 904 (E.D.Pa. 1981), the Pennsylvania District Court faced a similar request under similar circumstances. The plaintiff in that case complained that his inability to visit his incarcerated co-defendant and spouse deprived him of his right to prepare a defense against pending criminal charges and sought injunctive relief from prison officials. In reaching its decision allowing the requested visitation, the court recognized, that pre-trial detainees retain several constitutionally protected liberty interests, under the sixth and fourteenth amendments. *Id.* at 905. The court went on to hold that, "[a]lthough some administrative inconvenience may be imposed upon prison officials by allowing co-defendants to confer in order to establish a unified, coordinated defense, a denial of constitutional rights cannot be justified on this basis. *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971)." *Id.* at 906.

## CONCLUSION

Ms. Duenas asserts that she is not a flight risk or danger to the community and respectfully request that this Court releases her upon terms and conditions this Court deems appropriate. In the alternative, Ms. Duenas requests that this Court allow her to confer with her codefendant and husband RAYMOND IGNACIO DUENAS, JR. for the purposes of establishing a unified, coordinated defense.

Dated this 24th day of March, 2008.

**CABOT MANTANONA, LLP**
*Attorneys for Lourdes Castro Duenas*

By: _____
For RAWLEN M. T. MANTANONA

## DECLARATION OF COUNSEL

I, RAWLEN M. T. MANTANONA, hereby declare as follows:

1. That I am counsel for Defendant, Lourdes Castro Duenas, having been appointed pursuant to the Criminal Justice Act.

2. That the facts and statements set forth in the foregoing document are true and correct to the best of my knowledge and belief.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: Tamuning, Guam, 3/19/08, 2007

**RAWLEN M.T. MANTANONA**

## CERTIFICATE OF SERVICE

I, WILLIAM CRUZ, hereby certify that a true and exact copy of the foregoing document was duly hand-delivered to the following on March 24, 2008:

Karon Johnson
Asssitant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

DATED: 3/24/08

WILLIAM CRUZ

RMTM:scc
G:\Stacy\active clients\Duenas, Lourdes C\mtn for release.doc