Duenas.inst

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam  96910
Telephone:  (671) 472-7332
Telecopier:  (671) 472-7334

Attorneys for theUnited States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00039 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **UNITED STATES' PROPOSED** |
| vs. | ) | **JURY INSTRUCTIONS** |
| | ) | |
| RAYMOND IGNACIO DUENAS, JR., and | ) | |
| LOURDES CASTRO DUENAS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Government hereby files the particular instructions it believes are pertinent to this

case, which are in addition to those which the Court has already indicated it will give.

Respectfully submitted this  8th  day of August, 2008.

                                                LEONARDO M. RAPADAS
                                              United States Attorney
                                              Districts of Guam and CNMI

BY:  /s/ Karon V. Johnson
        KARON V. JOHNSON
        Assistant U.S. Attorney

<u>INDEX</u>

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| 1) | Count I - Criminal Conspiracy to Distribute Methamphetamine Hydrochloride ............................................................................... | 1 |
| 2) | Count II - Possession of Methamphetamine Hydrochloride with Intent to Distribute ............................ ............................................................. | 3 |
| 3) | Count III - Using and Carrying a Firearm During a Drug Trafficking Crime ........................................................................................ | 4 |
| 4) | Count IV - Felon in Possession of Firearms ......................................... | 5 |
| 5) | Count V - Possession of Stolen Firearms ............................................. | 6 |
| 6) | Aiding and Abetting ................................................................................. | 7 |
| 7) | Knowingly ................................................................................. | 8 |

INSTRUCTION NO.  1

CONSPIRACY—ELEMENTS

The defendant is charged in Count I of the indictment with conspiring to distribute methamphetamine hydrochloride (ice) in violation of Sections 841(a)(1) and 846 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, from on or about April 20, 2006, and continuing to April 20, 2007, the exact date being unknown, there was an agreement between two or more persons to commit the crime of distribution of more than 50 grams net weight of methamphetamine hydrochloride (ice);

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers

- 1 -

1  some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a
2  person does not become a conspirator merely by associating with one or more persons who are
3  conspirators, nor merely by knowing that a conspiracy exists.

25          AUTHORITY:  <u>Manual of Model Jury Instructions for the</u>
26                              <u>Ninth Circuit</u>, 2003 Ed., § 8.16.

- 2 -

INSTRUCTION NO.  2

POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE

The defendant is charged in Count II of the indictment with possession of more than 50 grams net weight of methamphetamine hydrochloride (ice) with intent to distribute, in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed more than 50 grams net weight of methamphetamine hydrochloride (ice);

Second, the defendant possessed it with the intent to deliver it to another person.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 9.13.

3

INSTRUCTION NO.   3

USING OR CARRYING A FIREARM DURING A
DRUG TRAFFICKING CRIME

The defendant Raymond Ignacio Duenas is charged in Count III of the indictment with using and carrying a firearm during and in relation to a drug trafficking crime, in violation of Section 924(c)(1)(A)(i) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession of methamphetamine hydrochloride (ice) as charged in Count II of the indictment;

Second, the defendant knowingly used or carried a firearm; and

Third, the defendant used or carried the firearm during and in relation to the crime.

A defendant has "used" a firearm if he has actively employed the firearm in relation to the crime of possession of methamphetamine hydrochloride (ice).  Use includes the silent but obvious and forceful presence of a firearm in plain view.

A defendant carries a firearm if the defendant knowingly possesses or carries the firearm. Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle or a locked compartment of a vehicle.

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.


AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 8.65.

4

INSTRUCTION NO.  4 

UNLAWFUL POSSESSION OF A FIREARM

The defendant Raymond Ignacio Duenas is charged in Count IV of the indictment with the possession of a firearm in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another, or from a foreign nation to the United States; and

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

[**Alternatively, upon the request of the defendant**:]

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulates that on December 29, 2000, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 8.59.

INSTRUCTION NO.  5 

POSSESSION OF STOLEN FIREARM

The defendant Raymond Ignacio Duenas is charged in Count V of the indictment with the possession of a stolen firearm in violation of Section 922(j) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm which had been transported from one state to another or from a foreign nation to the United States; and

Second, the defendant knew or had reasonable cause to believe that the firearm had been stolen.

AUTHORITY: 18 United States Code, § 922(j)

.

6

INSTRUCTION NO. 6

AIDING AND ABETTING

A defendant may be found guilty of distributing of methamphetamine hydrochloride (ice), or possessing methamphetamine hydrochloride (ice) with intent to distribute, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, that the crime of as charged in each count was committed by somebody;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime as charged in each count; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime as charged in each count;.

The government is not required to prove precisely which person actually committed the crime and which person aided and abetted.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.6

7

INSTRUCTION NO. 7

KNOWINGLY

An act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake or accident. The government is not required to prove that a defendant knew that his or her acts or omissions were unlawful. You may consider evidence of a defendant's words, acts or omissions, along with all the other evidence, in deciding whether a defendant acted knowingly.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 5.6.

8